# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>SUKURA LOUISE SAMUELS,<br><br>                    Defendant. | Criminal No. 07-104(2) (JRT/AJB)<br><br>Civil No. 12-1318 (JRT)<br><br>**ORDER DENYING PETITION TO VACATE OR SET ASIDE SENTENCE** |

Andrew S. Dunne, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Sukura Louise Samuels, #14621-041, Federal Correctional Institution-Waseca, Post Office Box 1731, Waseca, MN 56093, defendant *pro se*.

After pleading guilty to conspiracy to distribute and possession with intent to distribute crack cocaine, defendant Sukura Samuels is currently serving the mandatory minimum sentence of 120 months. This matter is before the Court pursuant to Samuels's petition to vacate or set aside her sentence under 28 U.S.C. § 2255. (May 31, 2012, Docket No. 135.) The Court will deny the motion as untimely.

Section 2255 permits collateral attack of a federal conviction alleged to have been imposed in violation of the Constitution or federal law. 28 U.S.C. § 2255(a). Samuels challenges her conviction on the ground that her counsel was ineffective, resulting in a violation of the Sixth Amendment. Prisoners must bring Section 2255 petitions, however, within a year from the later of, among other alternatives, the date on which the

conviction became final or the date on which the Supreme Court recognized the new right that the defendant asserts in the petition. *Id.* § 2255(f)(1), (3).

Samuels's conviction became final on July 15, 2008 – ten business days after entry of her criminal judgment on June 30, 2008. (Docket No. 102); *see also* Fed. R. App. P. 4(b)(1)(A) (2007).[1] Samuels thus had until July 15, 2009 to file her petition, but she filed on May 31, 2012, nearly three years after expiry of the limitations period.

Samuels argues that the motion is timely under 28 U.S.C. § 2255(f)(3) – as asserting a newly recognized right – under a Supreme Court decision handed down on June 9, 2011, namely *DePierre v. United States*, 131 S. Ct. 2225 (2011). In *DePierre*, the Court held that the prosecution is not required to prove that a crime specifically involved "crack" to justify an enhanced sentence under 21 U.S.C. § 841(b)(1); rather, § 841(b)(1) merely requires that the drug contain "cocaine base," which includes not just crack cocaine but also cocaine in its chemically basic form. *DePierre*, 131 S. Ct. at 2237. First, *DePierre* interprets a statute, not the constitution. Second, *DePierre* does not, as Samuels argues, require the government to "establish the scientific identification of the substance" involved here. (Samuels's Mem. at 1, June 12, 2012, Docket No. 137.) There is no question in this case that the drug involved was crack cocaine. Samuels stipulated that it was in her plea agreement. (Doc. No. 69 at 1.) The government need not prove facts underlying a criminal charge to which the defendant pled guilty. In sum, *DePierre*

---

[1] The Rule was later amended to allow fourteen days to appeal. Fed. R. App. P. 4(b)(1)(A)(i) (2009).

is inapplicable, and Samuels's motion is untimely because it comes nearly three years after the one-year limitations period has run.[2]

### CERTIFICATE OF APPEALABILITY

Samuels cannot appeal this Order without a certificate of appealability, 28 U.S.C. § 2253(c)(1)(B), and the Court cannot grant one unless Samuels has made "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *Williams v. United States,* 452 F.3d 1009, 1014 (8th Cir. 2006). The Court finds no reason to believe that reasonable jurists would find rejection of Samuels's claim as untimely to be debatable or incorrect, and therefore declines to grant a certificate of appealability.

### ORDER

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendant's 28 U.S.C. § 2255 motion to vacate [Docket No. 135] is **DENIED**.

**IT IS FURTHER HEREBY ORDERED** that the Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in defendant's motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  July 25, 2012  
at Minneapolis, Minnesota.

s/ John R. Tunheim  
JOHN R. TUNHEIM  
United States District Judge

---

[2] No alternative triggering events, which might extend the limitations period, apply. Samuels does not assert any newly-discovered facts to support her claim, nor has the government impeded her from making a timely 2255 motion. *See* 28 U.S.C. §§ 2255(f)(2), (4).